## SPENCER v. MAHON.

1. LICENSE—STREETS.—MUNICIPAL AUTHORITIES have no authority to grant a license to conduct a business on the streets, in a small store or shop on wheels, which has not been moved for months, and one accepting license from the mayor, revokable at will of city council, takes the risk of continuation of consent of such use of the street. The mayor may stop the business and the council may revoke the license.

2. INJUNCTION.—The Court cannot enjoin an act already committed. In this case it cannot enjoin municipal authorities from revoking a license already expired by its own limitation.

Before DANTZLER, J., Greenville, February, 1906. Affirmed.

Action by Chas. E. Spencer against G. H. Mahon and T. L. Becknell. From order refusing temporary injunction, plaintiff appeals.

*Mr. J. J. McSwain,* for appellant, cites: *Temporary injunction should have been granted:* 54 S. C., 457; 51 S. C., 433; 69 S. C., 176. *City Council had no power to revoke the license:* 62 S. C., 525; 118 U. S., 356; 59 S. C., 415; 35 S. C., 1; 72 Am. St. R., 148; 20 Ency., 1183; 21 Ency., 826; 63 S. W., 785; Cool. on Con. Lim., 284; 94 N. C., 877; 78 Ill., 405; 53 L. R. A., 428; 51 Ill., 286; 36 L. R. A., 618; 7 Lea., 134; 42 L. R. A., 696; 19 L. R. A., 858; 13 L. R. A., 587; 12 L. R. A., 57, 150; 33 N. H., 424; 41 Pa. St., 481. *License was not properly revoked:* 15 L. R. A., 424; 25 L. R. A., 621; 33 L. R. A., 327; 48 L. R. A., 442; 50 L. R. A., 477; 52 L. R. A., 289; 54 L. R. A., 636; 56 L. R. A., 285; 59 L. R. A., 282; 32 Am. R., 735; 10 Ency., 298, 300; 58 Ala., 594; 6 Ut., 253; 6 Pa. St., 86; 66 S. C., 194; 21 Ency., 985; 18 Sup. Ct. R., 418; 42 S. C., 304.

*Mr. Wm. G. Sirrine,* contra, cites *Obstruction of a street is a nuisance:* 11 S. C., 360. *As to revocation of license:* 2 L. R. A., 843; McQuillin Mun. Or., sec. 420; 1 Dill., sec. 374.

September 24, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On March the 9th, 1905, the plaintiff obtained from the clerk of the city council of Greenville by direction of the mayor a license in the following words:

"(.Revokable at will of the council.)　　City of Greenville. Receipt for special taxes.　Received of Chas. E. Spencer five dollars, being the special license tax for one year on—— Business as Cold Lunches, ending March 1, 1906.　Paid March 9, 1905.　　　W. B. McDaniel, Clerk of Council."

The plaintiff alleges under this license he was authorized to conduct a business in what he designates a "moving cafe." which he describes as "being a small room resting on wheels, and which may be easily drawn from one place to another and used in some convenient station in or by the streets." The business was conducted mainly, if not entirely, at the intersection of Main and Washington streets, along which much city traffic passed.　In October the mayor, through the chief of police, required the plaintiff to remove the "moving cafe" from the street, and subsequently, on November the 7th, 1905, the city council undertook to revoke the license. Thereupon, on November the 8th, 1905, this action was brought against the mayor and chief of police, asking that they be enjoined "from interfering with the plaintiff in his business under said license so long as plaintiff conducts same in an orderly and peaceable manner."　The Circuit Judge, after hearing the return of the defendants, several affidavits as to the reasons which influenced the city council in revoking the license and an affidavit of the plaintiff in reply, denied the application for injunction, and the plaintiff appeals.

In their returns the defendants, among other things, aver that when the license was issued it was contemplated that the "moving cafe" would be a small affair to be frequently moved about so as to avoid complaint; whereas. the plaintiff has actually fitted up a small store with electric lights and has conducted a large business for six months on Washington street at its intersection with Main street, where there is a great volume of traffic; and that the store and business constitutes a serious obstruction to the use of the street.　The defendant, in his reply, alleges that the mayor well knew the character of the business when the license was issued, and he denies that it was an obstruction to the street; but he does

not deny defendants' allegations that he had been doing a large business in what is practically a store or shop, though mounted on wheels, which had not been moved for six months, in an important public street of a city containing about 20,000 inhabitants.

These indisputed facts are decisive of the case. We do not consider in detail the limitations upon the power of a city council to revoke an ordinary license to a merchant or a restaurant keeper doing business on his own premises in the ordinary way, for this case is entirely different.

The streets of a city are for passage and travel, and a city council has no power unless authorized by statute to devote them to any purpose which would interfere with this public use; for a city council cannot license a public nuisance.

"The king cannot license the erection or commission of a nuisance; nor in this country can a municipal corporation do so by virtue of any implied or general powers. A building or other structure of a like nature, erected upon the street without the sanction of the legislature, is a nuisance, and the local corporate authorities of a place cannot give a valid permission thus to occupy streets without express power to this end conferred upon them by charter or statute." 2 Dillon's Municipal Corporations, sec. 660.

The plaintiff, it is true, denies that he has obstructed the street, but it is impossible that such an establishment as he maintained should not constitute an obstruction when placed on one of the main thoroughfares of a city. As the council could confer no right to such use of the street, the plaintiff could not acquire under a city license a right to such use justifying the interference of a court in his behalf. But assuming that the city council could and did by license authorize such use by the plaintiff of the public street in his business, as expressed in the license, of selling "cold lunches," this could not avail him. Under this view the plaintiff would have (1) the right, along with other restaurant keepers, of selling cold lunches; and (2) the special right to maintain his restaurant on the street. It may be the council could not

refuse the general license to sell cold lunches upon payment of the regular fee or revoke such license except for cause; but the special right to the use of the street, if it existed at all, depended on the permission of the council granted under their general power of supervision of streets, and hence when the plaintiff accepted a license contemplating the special privilege of using the streets, which on its face provided it would be revokable at will of the council, he took the risk of continuation of consent of such use of the street.

There were several issues of fact between the parties, made by the allegations of the returns, but we have considered only the facts that are beyond dispute, and on these the judgment must be affirmed.

But, even if the Circuit Judge had been in error, this Court cannot now make any order that would avail the plaintiff. He rests his right to conduct his business and his claim to relief altogether on the license which was granted on March the 9th, 1905, and which expired by its own terms on March the 1st, 1906. The cause was heard in this Court on May the 22d, 1906, when the plaintiff had already been prohibited from conducting his business for the entire period covered by the license. The Court cannot enjoin an act already committed, and in this case it is obvious there is no way to restore plaintiff to his former status by mandatory injunction. 1 High on Injunctions, sec. 22. The same principle was applied to an application for prohibition in *Stackhouse* v. *Hamer,* 14 S C., 427, and to an appeal by the State from an order quashing a panel of petit jurors, in *State* v. *Henderson,* 73 S. C., 201.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.