10077

BULLOCK v. JACKSON.

(96 S. E. 685.)

1. APPEAL AND ERROR—PRESUMPTIONS—EXECUTION OF COURT'S ORDER.— In action to restrain landlord from interfering with tenant's entry upon land to gather crops tenant had sowed, where Court ordered that tenant be allowed to gather his crops and deposit proceeds with clerk of Court, there to be held subject to a settlement of the dispute between the parties, the necessary inference on appeal from such order has been executed.

2. APPEAL AND ERROR—MOOT QUESTIONS—EXECUTED ORDER.—In tenant's action against landlord, where Court ordered that tenant be allowed to gather his crops and deposit proceeds with clerk of Court to be held subject to settlement of dispute, an appeal from such order will be dismissed, the necessary inference being that order has been executed, and it being idle to inquire if order was right after execution thereof.

Before SEASE, J., Spartanburg, at chambers, 1918. Appeal dismissed.

Action by E. D. Bullock against Lemmon Jackson. From an order that plaintiff be allowed to gather his crops and deposit the proceeds with the clerk of Court, to be held subject to settlement of dispute, defendant appeals.

*Mr. R. A. Hannon,* for appellant, submits: *That injunction cannot be used to transfer possession of property from one to another:* 27 S. C. 415; 78 S. C. 222; 88 S. C. 476; 84 S. C. 440; 35 L. R. A. (N. S.) 707, and note, and cases cited.

*Mr. C. P. Sims,* for respondent.

August 31, 1918.

The opinion of the Court was delivered by Mr. JUSTICE GAGE.

The plaintiff, a tenant, sued the defendant, a landowner, to restrain the defendant from interfering with plaintiff's entry upon land to gather the crops which the plaintiff had made in 1917. The Circuit Judge late in January, 1918, ordered that the plaintiff be allowed to gather his crops and deposit the proceeds with the clerk of Court, there to be held subject to a settlement of the dispute of the parties. From that order comes this appeal.

The necessary inference is that the order has been executed, and the fund is now in the clerk's hands. If that be so it is idle to now inquire if the order was right.

The appeal is dismissed.