15164

BAKER v. HARTFORD FIRE INS. CO.

(11 S. E. (2d), 434)

June, 1939.

*Mr. T. B. Bryant, Jr.,* for appellant,

*Messrs. Joseph L. Nettles, Felder & Rosen* and *J. D. Parler* for respondent,

November 13, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

Appellant brought this action against the respondent in the Court of Common Pleas of Orangeburg County for recovery upon a fire insurance policy. *Inter alia,* the answer contained the following defense: " * * * defendant alleges that it is provided in the policy sued upon in the complaint that the policy shall be void if the subject of the insurance be a building on ground not owned by the assured in fee simple, and in this connection the defendant alleges on information and belief that the plaintiff did not own the land upon which the insured building was located in fee simple, and for that reason the policy is void."

After the introduction of the evidence for the appellant the respondent moved for a nonsuit, as follows: "Mr. Nettles: Your Honor, the defendant asks a nonsuit on the grounds that the testimony for the plaintiff distinctly shows that he was not at the time of the execution of this contract of insurance or even up until today the owner in fee of the land or the building which this insurance covers."

After argument thereon and colloquy between Court and counsel, some at least of which appears in the record, the Judge ruled as follows: "The Court: I think under the plaintiff's testimony that he is not entitled or is not the proper party to prosecute this action as it now stands to a conclusion. Mr. Baker says that at the time the house burned that R. Lon Weeks was a tenant in common with him and had an interest in fee simple in the property involved in this

action and the Court has to hold that Mr. Baker, under his testimony, is not the proper party to prosecute this action to a final conclusion."

Earlier in the discussion he had said the following:

"The Court: I think that under the plaintiff's testimony, taking the most equitable view of it, that he is not the proper party to bring this suit in his own behalf solely. There is quite a bit of difference when you bring an action in your own name and then it is shown that somebody else has an interest in the property concerned, because then the law would make that other party a beneficiary in any recovery that is made, if any.

"It clearly appears from the testimony that Mr. Baker only has an interest in the property, owner in fee as a tenant in common, and that if he is entitled to recover anything Mr. Weeks would be entitled to one-half of it."

From the judgment entered upon the nonsuit appellant has prosecuted this appeal upon a single exception: "That the Court erred in granting a nonsuit on the ground of defect of parties when it appeared that such objection had not been raised by demurrer or answer, as under the provisions of sections 458 and 461 of the Code, such defect or objection is waived if not taken by demurrer or answer."

We think there is merit in the exception and under our practice it must be sustained. The purview of the appeal is fixed by the ground upon which the lower Court granted the nonsuit, *Burkhalter v. Townsend,* 160 S. C., 134, 158 S. E., 221; *Kizer v. Woodmen of the World,* 177 S. C., 70, 180 S. E., 804, and in this case such ground is made very plain by the record; it was that the representative or representatives of R. Lon Weeks, now deceased, is or are necessary parties plaintiff; in other words, the Court undertook to grant the nonsuit for a defect of parties.

However, it is well settled that nonsuit or directed verdict cannot be predicated upon a defect of parties. Sections 458-462, Code of Civil Procedure. The

point is exhaustively discussed by former Chief Justice Blease in the opinion of this Court in *Kirton v. Howard*, 137 S. C., 11, 134 S. E., 859. In that case, which involved the title to real estate, as a sustaining ground for the verdict in favor of the defendants, it was urged that the legal title to the lands was in a trustee who was not a party to the action. Numerous authorities of this Court and elsewhere were cited to demonstrate the rule, that unless the alleged defect of parties be asserted by demurrer or answer, the defendant shall be deemed to have waived the objection.

The rule was very lately again followed by this Court in *Neel v. Clark*, 193 S. C., 412, 8 S. E. (2d), 740.

Because the case has yet to be tried, we have carefully refrained from comment upon the issues or the evidence contained in the Transcript of Record.

The judgment and the order of nonsuit below are reversed and the case remanded to the Court of Common Pleas.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.