17012

HAROLD G. KIRKLAND *ET AL.*, Respondents v. THE AIKEN COUNTY BOARD OF EDUCATION *ET AL.*, Appellants

(97 S. E. (2d) 680)

*Messrs. Williams & Busbee,* of Aiken, *for Appellants,*

*Messrs. M. A. Wilder* and *Benjamin Surasky,* of Aiken, *for Respondents,*

*Messrs. Williams & Busbee,* of Aiken, *for Appellants, in Reply.*

June 6, 1955.

OXNER, Justice.

This action was brought to enjoin the Aiken County Board of Education and the Superintendent of Education for that county from closing the New Holland Grammar School for the scholastic year 1954-1955. It comes before

us on an appeal by defendants from an order granting an injunction *pendente lite*.

On September 1, 1954, the same day the action was commenced, Judge Henderson issued an order requiring the defendants to show cause before him on September 11th why they "should not be enjoined from closing the New Holland Grammar or Elementary School, for the scholastic year 1954-1955, and from transporting the pupils thereof to the Grammar or Elementary School at the Town of Wagener, S. C. until such time as the above entitled matter can be heard upon the merits." An answer was duly filed by the defendants. The matter was heard upon the pleadings and numerous affidavits by Judge Henderson on September 11th. Thereafter on September 16, 1954, he issued an order wherein, after concluding "that the County Board of Education was without authority to close the school for the year 1954-1955, and that a temporary injunction should be granted," he enjoined the defendants "pending the action and until the further order of the Court" from closing said school. From this order the defendants have appealed. The case has not been heard on the merits.

Apparently the appeal was perfected with reasonable promptness but there was considerable delay in the filing of the briefs. As a result, the case was not submitted to this Court until the April, 1955, term.

It is clear that the restraining order under appeal does not extend beyond the scholastic year 1954-1955. Indeed, no injunctive relief was sought beyond that period. It is obvious that before any opinion can be handed down by this Court and the remittitur filed, the school term in question will have ended. The appeal must be dismissed as presenting a moot question.

The following cases fully sustain this procedure: *Spencer v. Mahon,* 75 S. C. 232, 55 S. E. 321; *Wright v. City of Columbia,* 77 S. C. 416, 57 S. E. 1096; *Bullock v. Jackson,*

110 S. C. 480, 96 S. E. 685; *Kellam v. Guthman Laundry & Dry Cleaning Co.,* 147 Ga. 133, 92 S. E. 872.

Appealed dismissed.

STUKES, TAYLOR, and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.