174

## 18369

Louise H. KNOERR, Rachel L. Blanton, Emily C. Holleman, Gene Nimmons, Elizabeth Nickles, Mrs. John Quincy Adams, Ethel Vaughn, Mrs. L. F. Carter, on behalf of themselves as freeholders, taxpayers and residents of, and or near the City of Seneca, County of Oconee and State of South Carolina, and on behalf of all other persons in the City and County similarly situated, Respondents, v. J. C. CREWS, Mayor and Charles L. Sorrells, James D. Senn, W. C. Mitchell, DeWitt Hyder, Horace Kirby and Burns Harper, Councilmen, Appellants.

(143 S. E. (2d) 120)

*Messrs. W. Jerry Fedder,* of Seneca, and *Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellants,*

*Messrs. Ernest L. Branham,* of Seneca and *E. Harry Agnew,* of Anderson, *for Respondent,*

June 29, 1965.

TAYLOR, Chief Justice.

In 1873 a deed, signed by J. J. Norton and A. W. Thompson, granted certain lands as a right of way to the Atlanta & Richmond Air Line Railway Company. The grantors agreed therein to erect a depot and "to leave as open squares for the convenience of the public and of the said Railway Company the lots laid out in Seneca City."

The lots referred to above are the subject of this action. Plaintiffs are seeking a permanent injunction against the Mayor and City Council of the City of Seneca, defendants herein, enjoining them from converting said lots into a parking area. A temporary restraining order was granted and the matter referred to a referee, who, after hearing thereon, recommended in his report that the temporary injunction be made permanent. The referee's report was affirmed by the Circuit Judge and this appeal followed.

The question presented is whether the City of Seneca may within the dedication of the land for "open squares for the convenience of the public and the said Railway" construct parking facilities on that portion of the area now used as a park.

A portion of the dedicated property was originally used as parking for horses, wagons and buggies during the early history of the town and with the advent of automobiles, continued to be used as a parking facility. The remaining portion, that which is now in question, has historically been used as a park, maintained by the City and planted by pri-

vate citizens and garden club groups. A portion of the park was converted to a public parking area in 1957. In 1964, City Council adopted a plan whereby the remaining park area would be made suitable for public parking, and plaintiffs seek to restrain such action.

Generally when property is dedicated to the public the intent of the dedicator as to the use to which it may be put controls. Where such intent is clearly expressed and is specific and restricted, no deviation from such use may be permitted no matter how advantageous the changed use may be to the public, *McCormac v. Evans*, 107 S. C. 39, 92 S. E. 19; *Grady v. City of Greenville*, 129 S. C. 89, 123 S. E. 494; *Miller v. City of Columbia*, 138 S. C. 343, 136 S. E. 484; *Sloan v. City of Greenville*, 235 S. C. 277, 111 S. E. (2d) 573; however, where the intention of the dedicator is uncertain or the dedication is in general, unrestrictive terms, the property can be used for any public purpose as determined by the proper legal authority, and the fact that the property has been devoted to one use does not deprive its devotion to other more comprehensive uses. 26 C. J. S. Dedication § 65, p. 559.

The referee found that "the offer to dedicate was lacking in clarity as to the purpose." The dedication here "to leave as open squares for the convenience of the public and of the said Railway Company" is in the nature of a general dedication.

The only restrictive feature of the dedication is that portion which requires the land to be left "as open squares." Even though the land was not dedicated for park purposes, its use for such purpose is consistent with the dedication; however, as the dedication is in general terms, the City has the power in the exercise of its discretion to devote the property to other public uses consistent with the purposes of the dedication. This being true, the proposed use of the property for public parking is consistent with the object to which the property was dedicated and the

fact that a portion of the property has been used for park purposes over a long period of time does not impair the right of the City to use the land for other public purposes consistent with the dedication.

We are, therefore, of opinion that the Order appealed from should be reversed; and it is so ordered. Reversed.

Moss, Bussey and Brailsford, JJ., concur.

Lewis, J., did not participate.