22426

DOCKSIDE ASSOCIATION, INC., Robert L. Modder and Jo Ann Morros, on behalf of themselves and all other Dockside Homeowners, Petitioners, v. DETYENS, SIMMONS AND CARLISLE, a S. C. limited partnership: Williams J. Detyens, a/k/a W. A. Detyens; Marjorie Greene Detyens; Harold Simmons; Virgie Crosby Simmons; William A. Carlisle a/k/a W. A. Carlisle; Ruth Davidson Carlisle; McDevitt & Street, Inc.; Lyles, Bissett, Carlisle & Wolff, Inc.; The Citizens and Southern National Bank of South Carolina; Detyens Shipyards, Inc.; Housing Investment Corporation of Florida; First Federal Savings & Loan Association, Home Federal Saving & Loan Association and Associated Investments, Defendants, of whom McDevitt & Street, Inc. and C. E. Maguire, Inc., Successor in Interest to the Defendant Lyles, Bissett, Carlisle & Wolff, Inc. are Respondents.

(337 S. E. (2d) 887)

Supreme Court

*James L. Bell,* of *Bell & Perry,* Columbia, *for petitioners.*

*Morris D. Rosen,* of *Rosen, Oberman & Rosen,* and *William H. Grimball,* of *Grimball, Cabaniss, Vaughan & Robinson,* Charleston, *for respondents.*

Submitted Dec. 3, 1985.

Decided Dec. 16, 1985.

*Per Curiam:*

We grant certiorari to review the judgment of the Court of Appeals, reported at 285 S. C. 567, 330 S. E. (2d) 537 (Ct. App. 1985), on the issue of Dockside Association's (Association) standing. We dispense with the filing of transcripts and briefs.

The Court of Appeals found that the condominium's common elements were owned by the apartment owners rather than the Association. Based on this, the court held that Association was not the real party in interest and thus had no standing to sue. However, this Court has held that a property regime has standing to bring an action for construction defects in common elements that the regime has a duty to maintain. *Queens Grant Villas Horizontal Property Regimes v. Daniel International Corp.,* 335 S. E. (2d) 365 (S. C. 1985); *Roundtree Villas Association v. 4701 Kings Corp.,* 282 S. C. 415, 321 S. E. (2d) 46 (1984). We reverse the Court of Appeals and hold that Association had standing to maintain this action.

Since we deny certiorari on the remaining issues, our decision on this issue does not affect the result in this case. The decision of the Court of Appeals is therefore

Affirmed as modified.