0612

HADDOCK FLYING SERVICE, Respondent v. Eloise
TISDALE, Appellant.

(339 S. E. (2d) 525)

Court of Appeals

*Clifton Newman*, Columbia, *for appellant.*

*Eugene A. Fallon, Jr.*, of *Fallon & Odom*, Florence, *for respondent.*

Heard Nov. 20, 1985.

Decided Jan. 21, 1986.

CURETON, Judge:

Respondent Haddock Flying Service obtained a default judgment against appellant Eloise Tisdale in this breach of contract action. Tisdale moved to vacate the judgment based on the fact that in the absence of the individual partners' being named as parties, the partnership lacked capacity to sue. The trial court refused to hear the motion because proper notice of the motion had not been given to Haddock. Tisdale appeals. We affirm.

Henry Haddock operates an aerial pesticide (crop dusting) service called the Haddock Flying Service. Haddock filed an action against appellant Tisdale alleging that as a partnership it performed crop dusting services for Tisdale at a contract price of four thousand nine hundred fifty six dollars and two cents ($4,956.02) which had not been paid. Tisdale defaulted and judgment was entered for the amount Haddock sought.

Tisdale next filed a motion to vacate the judgment asserting that her failure to answer was based on mistake, inadvertence, surprise or excusable neglect. The court denied the motion in part, but ordered a new hearing as to damages. Tisdale appealed, but abandoned the appeal after her attorney withdrew.

At the damages hearing, Tisdale moved for the first time to dismiss the complaint for lack of subject matter jurisdiction. Her motion was based on the fact that while the pleadings allege that Haddock is a partnership, the individual partners are not named as parties. Judge Chandler ruled the motion could not be heard that day because Haddock had not been given proper notice. He set the motion for a later hearing and proceeded with the damages hearing. Judge Chandler then ruled that finance charges had been improperly included in the judgment and Haddock was entitled to only the principal amount of three thousand nine hundred eleven dollars and fifty cents ($3,911.50).

Tisdale appeals Judge Chandler's order claiming that the failure to name the partners as parties to the suit deprived the court of subject matter jurisdiction and that Judge Chandler should have determined the question of jurisdiction prior to awarding judgment.

After Judge Chandler entered judgment and while this appeal was pending, Judge Finney heard Tisdale's motion to dismiss. Judge Finney ruled that under Circuit Court Rule 60 and the case law of this state, any ruling made on the issue of jurisdiction would constitute an invalid attempt to modify Judge Chandler's order. He thus denied the motion. Tisdale claims that Judge Finney's ruling was clearly erroneous since Judge Chandler never ruled on the jurisdiction issue. No appeal was taken from Judge Finney's order.

We hold that, assuming Judge Finney's order was erroneous, Tisdale nonetheless is not entitled to relief

from this court. A partnership is an entity, separate and distinct from the persons who compose it. *Chitwood v. McMillan*, 189 S. C. 262, 1 S. E. (2d) 162, 164 (1939). However, a partnership is not such a legal entity that it may maintain a suit in its name alone. *Marvil Properties v. Fripp Island Development Corp.*, 273 S. C. 619, 258 S. E. (2d) 106 (1979). Where a partnership sues without naming the individual partners as parties, "the dispositive question to be decided is whether the general partnership has the capacity to sue in its own name." 273 S. C. at 620, 258 S. E. (2d) at 106. Want of capacity to sue has reference to any legal disability that deprives a party of the right to come into court. *Dockside Association, Inc. v. Detyens*, 285 S. C. 565, 330 S. E. (2d) 537 (Ct. App. 1985), *aff'd as modified*, 337 S. E. (2d) 887 (S. C. 1985). It does not relate to the jurisdiction of the court. *See Sloan v. city of Greenville*, 235 S. C. 277, 287, 111 S. E. (2d) 573, 578 (1959; *Bramlett v. Young*, 229 S. C. 519, 535, 93 S. E. (2d) 873, 881 (1956); 59 Am. Jur. (2d) *Parties* Sections 249, 252 (1971); 67A C.J.S. *Parties* Section 127, 129 (1978); S. C. Code Ann. Section 15-13-320(2)(1976).

It is well settled by a long line of cases that where the defendant's objection to the right of the plaintiff to bring the action appears upon the face of the complaint, his remedy is to demur to the complaint. *Dalton v. Town Council of Mt. Pleasant*, 241 S. C. 546, 553, 129 S. E. (2d) 523, 526 (1963); *Sloan v. City of Greenville*, 235 S. C. at 287, 111 S. E. (2d) at 578; *Bramlett v. Young*, 229 S. C. at 535, 93 S. E. (2d) at 881; *Baker v. Hartford Fire Insurance Co.*, 195 S. C. 373, 376, 11 S. E. (2d) 434, 436 (1940); *Brewington v. Brewington*, 280 S. C. 502, 505, 313 S. E. (2d) 53, 55 (Ct. App. 1984). A failure to raise an objection to Plaintiff's capacity to sue by demurrer or answer will constitute a waiver of that objection. *Dalton*, 241 S. C. at 553, 129 S. E. (2d) at 526; *Sloan*, 235 S. C. at 287, 111 S. E. (2d) at 578; *Bramlett*, 229 S. C. at 535, 93 S. E. (2d) at 881; *Brewington*, 280 S. C. at 505, 313 S. E. (2d) at 55. Having failed to object to Haddock's lack of capacity by demurrer or answer, Tisdale waived her right to later object to Haddock's capacity to bring the suit.[1]

---

[1] Effective July 1, 1985 the demurrer is no longer an appropriate form of responsive pleading, *See* Rule 12, South Carolina Rules of Civil Procedure.

Accordingly, the order of the trial judge is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.