91 N.J. Super. 523 (1966)
221 A.2d 557
ANNE THERESE McCHESNEY, PLAINTIFF,
v.
PAUL ALLISON McCHESNEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Argued May 27, 1966.
Decided June 15, 1966.
*524 Mr. Harry Kay argued the cause for plaintiff.
Mr. Leslie H. Cohen argued the cause for defendant.
CONSODINE, J.C.C. (temporarily assigned).
This is a consolidation of a separate maintenance action supplemented by specific acts of extreme cruelty apparently seeking divorce from bed and board, and a later action for divorce by the same plaintiff on the ground of extreme cruelty.
The answer to the earlier action is denial. The defense of provocation is given to the supplemental complaint. The answer to the divorce action is denial with defenses of provocation, admissions of adultery by plaintiff without further specification, and adultery by plaintiff with a named individual. *525 Since there was no counterclaim, this individual was not noticed pursuant to R.R. 4:97. An affidavit of plaintiff denies adultery with anyone.
Defendant noticed depositions of plaintiff and the named individual. He now seeks contempt against plaintiff for refusal to depose concerning the alleged adultery with the named individual. That individual on the deposition availed himself of the Fifth Amendment to the United States Constitution.
The question involved is the right, if any, of either party to a proceeding for a divorce from bed and board to take depositions without order of the Court.
R.R. 4:98-5 provides that in an action for divorce depositions, interrogatories and admissions are not allowed except by order of the court.
Separate maintenance actions pursuant to N.J.S. 2A 34-24 are clearly excluded from the ban of the rule. Discovery in such a proceeding is limited to matters of assets, income, etc. Wheeler v. Wheeler, 48 N.J. Super. 184, 196 (App. Div. 1957). However, the exclusion is not an open door to unlimited discovery pertaining to other currently filed counts or those hopefully contemplated from the discovery proceeding.
The divorce actions as to which discovery is forbidden without court order are described in our statutes N.J.S. 2A:34-2 and 2A:34-3. Presumably, the Legislature therein used the word "divorce" with intent when designating causes for divorce from the bond of matrimony and causes for divorce from bed and board. See Koch v. Koch, 79 N.J. Eq. 24 (Ch. 1911). The causes for divorce from bed and board are often described in the statutory words, in the Ecclesiastical Court phrase, divorce a mensa et thoro, as limited divorce, and incorrectly as a separate maintenance action.
Our jurisdiction in divorce matters is purely statutory. Schluter v. Schluter, 23 N.J. Super. 409 (App. Div. 1952).
Our rules do not invade the legislative field and the Legislature does not invade or deny the power of the Supreme *526 Court to make rules setting the practice and procedure of the courts. See 1947 N.J. Const., Art. VI, § II, par. 3; Winberry v. Salisbury, 5 N.J. Super. 30 (App. Div. 1949), affirmed 5 N.J. 240 (1950).
The distinction between separate maintenance and limited divorce has been clearly defined.
In Lavino v. Lavino, 23 N.J. 635 (1947), our Supreme Court held N.J.S. 2:34-3 constitutional against a challenge of arbitrary classification, declaring that while the judgments in separate maintenance and in limited divorce are similar in that neither dissolves the marital bond, they differ in their primary purposes. One seeks to enforce the husband's duty of support; the other seeks to nullify the marital obligations of cohabitation.
R.R. 4:98-5 by exclusion is limited to discovery without court order in statutory separate maintenance actions and therein to matters pertaining to the support involved in such an action. And by specific inclusion, discovery is not allowed without court order in divorce actions for divorce from the bond of matrimony or for divorce from bed and board.
Defendant was without right to depose plaintiff on any facts constituting a defense to the complaint as supplemented. The plaintiff is not guilty of contempt in her refusal to answer the questions propounded.