## 20423

Donna V. NOCHER, Respondent, v. Larry NOCHER, Appellant.
(234 S. E. (2d) 884)

*George W. Jefferson, Esq.,* of Columbia, *for Appellant.*

*Victoria L. Eslinger, Esq., of Eslinger & Knoles,* Columbia, *for Respondent,*

May 11, 1977.

LEWIS, Chief Justice:

Plaintiff-respondent, a resident and domiciliary of the State of South Carolina, instituted this action against her husband, the defendant-appellant, a resident and domiciliary of the State of Virginia, for a divorce, *a mensa et thoro* on the ground of desertion, alimony, custody of the parties' two minor children who are within the State of South Carolina, support for the children, and counsel fees. Personal service of the summons and complaint was not made upon appellant within this State, but he was personally served in the State of Virginia. He subsequently made a special appearance, pursuant to Section 10-648 of the South Carolina Code of Laws, for the sole purpose of challenging the jurisdiction of the lower court to grant the relief sought by respondent, since there had been no personal service of process upon him within the State so as to give the court the necessary jurisdiction of his person.

The lower court, in effect, sustained the plea of appellant to the jurisdiction of the court, except as to the issues of divorce and child custody, and granted to respondent a divorce *a mensa et thoro,* on the ground of desertion, and custody of the minor children, holding that in personam jurisdiction was unnecessary as to these latter issues.

In addition to his challenge to the jurisdiction of the lower court of his person, in which he was protected by his special appearance under Code Section 10-648, supra, appellant raises the question in this appeal that there is no cause of action in this State for a divorce, *a mensa et thoro,* on the ground of desertion and, if such an action exists, the showing was insufficient to sustain it. Although not raised in the

lower court, the effect of appellant's present position is the same as a demurrer to the complaint or a motion to dismiss on the ground that no cause of action for divorce is alleged or proved.

The well settled principle was recognized and applied in *South Carolina State Highway Department v. Isthmian Steamship Company*, 210 S. C. 408, 43 S. E. (2d) 132, that "when a defendant becomes the actor in an event which contemplates, in effect impliedly acknowledges, the jurisdiction of the court before disposition of a prior special appearance to test the jurisdiction of his person, he waives the objection raised in the special appearance and becomes subject to the jurisdiction of the court." Also, *Connell v. Connell*, 249 S. C. 162, 153 S. E. (2d) 396.

Although the question is not properly before the Court on appeal, because not raised in the lower court, appellant's attempt to interpose an objection to the sufficiency of the pleadings and the existence of a cause of action constituted a general appearance and a waiver of his right to question the jurisdiction of his person by the South Carolina Court in this matter. Appellant's challenge to the sufficiency of the cause of action constituted a plea to the merits and an acknowledgment of the jurisdiction of the court, because the court would have no power to dispose of the issue without jurisdiction of the person.

Since the attempt of appellant to contest the merits constitutes a waiver of his objection to the general jurisdiction of the court, the other jurisdictional questions argued are no longer issues in the appeal.

In view of the fact that appellant's waiver of his right to object to the general jurisdiction of the lower court occurred because of the scope of the issues presented on appeal, we conclude that it is proper to remand the cause to the lower court for a determination of all issues in the case, with the right to appellant to answer or otherwise

plead to the complaint. However, upon remand, the provisions of the order under appeal granting custody of the children to respondent shall remain in effect until the further order of the lower court.

While the foregoing disposes of the issues properly before the Court on appeal, we dispose of the question of whether a cause of action exists in this State for a divorce *a mensa et thoro* since that issue will no doubt be involved in the lower court on remand.

A divorce *a mensa et thoro* is defined in Black's Law Dictionary (4th ed.) as: "A divorce from table and bed, or from bed and board. A partial or qualified divorce, by which the parties are separated and forbidden to live or cohabit together, without affecting the marriage itself." *Brewer v. Brewer,* 242 S. C. 9, 129 S. E. (2d) 736.

Although our decisions have in some instances apparently used the terms "divorce *a mensa et thoro*" and "separate support and maintenance" interchangeably, there are definite distinctions recognized between these proceedings. As pointed out in 24 Am. Jur. (2d), Divorce and Separation, Section 3:

"Separate maintenance proceedings are distinguishable not only from a proceeding for an absolute divorce, but also from a proceeding for a limited divorce *a mensa et thoro,* since an action for separate maintenance does not expressly or necessarily authorize the wife to live apart from her husband, while under a decree of limited divorce the refusal of the wife to cohabit with her husband is sanctioned and authorized."

While the courts in this State have consistently exercised the power to grant separate support and maintenance in proper cases, they have held that the courts had no authority to grant a divorce *a mensa et thoro. Jelineau v. Jelineau,* 2 Desaus. Eq. 45; *Taylor v. Taylor,* 4 Desaus. Eq. 167; *In re Anonymous,* 2 Desaus. Eq. 198; *Rhame v. Rhame,* 1

McCord Eq. 197; *Converse v. Converse,* 9 Rich. Eq. 535, and *Ex parte Jeter,* 193 S. C. 278, 8 S. E. (2d) 490.

These decisions of our Court apparently are in accord with the general rule that, in the absence of constitutional or statutory authority, the court has no power to award a limited divorce *a mensa et thoro.* 27A C. J. S. Divorce, Section 160(a), p. 605.

There is no specific constitutional or statutory authorization for the granting of a divorce *a mensa et thoro* in this State, unless, as it is sometimes argued, Section 20-113.1 is sufficient to do so. This section states:

"In all actions for divorce *a mensa et thoro,* allowances of alimony and suit money and allowances of alimony and suit money pendente lite shall be made according to the principles controlling such allowance in actions for divorce *a vinculo matrimonii."*

This statute has been referred to in several of our prior decisions but its effect upon the existence of a cause of action for divorce *a mensa et thoro* has not been heretofore considered. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541; *Lowe v. Lowe,* 256 S. C. 243, 182 S. E. (2d) 75, and *Brewer v. Brewer,* 242 S. C. 9, 129 S. E. (2d) 736.

The cited cases contain no issue requiring a determination of whether Section 20-113.1 authorized a cause of action for a limited divorce. In fact, in *Brewer,* where the present question was ably discussed in depth in Justice Bussey's concurring opinion, the majority opinion prefaced the decision with the statement: "We will consider this appeal upon the basis as contended for by the appellant and *assume* that her action was one for a divorce *a mensa et thoro."* (Emphasis added).

Code Section 20-105 grants jurisdiction to the Court of Common Pleas to grant "divorce from the bonds of matrimony." The terms "divorce from the bonds of matrimony" means a dissolution of the bonds of matri-

mony—a divorce *a vinculo matrimonii*. Section 20-101 gives the grounds for "divorce from the bonds of matrimony." There is no similar authority granted for divorce *a mensa et thoro;* and the language of Section 20-113.1, quoted above, cannot be construed as providing such authority. That section only attempts to place the award of alimony and suit money in a divorce *a mensa et thoro* on the same principles as applied in an absolute divorce. Neither are the grounds stated for a divorce *a mensa et thoro,* without which the cause of action could not be created.

■ We therefore, hold that the cause of action for a limited divorce *a mensa et thoro* does not exist in South Carolina, either by virtue of the common law or statute.

■ We are not unaware of the fact that limited divorces have been granted at the trial level (unappealed) in this State on the theory that there was a cause of action for a divorce *a mensa et thoro.* It does not necessarily follow that all such decrees are completely void. Segments of the bench and bar have thought of actions for separate maintenance and support, and for a divorce *a mensa et thoro* as being the same, and the terms have been loosely used interchangeably. Normally, proof slufficient to sustain a divorce *a mensa et thoro* would be more than ample to sustain a lesser included relief commonly referred to as a "separate maintenance and support." Accordingly, relief granted in a decree for a divorce *a mensa et thoro* (such as payment of alimony or settlement of property rights, etc.), which should more properly have been designated "separate maintenance and support relief" may remain effective.

Reversed and remanded in accordance with the foregoing views.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.