21949

Donna Stephenson SCHEIBNER, Appellant, v. Alvin H. WONDERLY, Respondent.

(305 S. E. (2d) 232)

*Daniel H. Shine,* of *Shine & Graab,* Dillon, *for appellant.*

*Harvey L. Golden,* Columbia, *for respondent.*

July 11, 1983.

HARWELL, Justice:

Appellant alleges the family court erred in refusing to hold respondent in contempt, in awarding him child support and attorney's fees, and in denying her request for attorney's fees. We reverse.

The family court granted respondent a divorce from appellant on grounds of adultery. Pursuant to the March 1978 decree the court also awarded respondent custody of the three minor children.

Five months later, appellant petitioned for custody of the children alleging a change in circumstances. In its July 1979 order, the court dismissed with prejudice appellant's custody action, expanded her visitation privileges, and required respondent to give appellant sixty days notice prior to moving out of state with the children.

Appellant instituted the present action on December 18, 1979. She sought custody of the children, child support, an order restraining respondent from moving out of state with the children, and an order requiring respondent to post a bond to insure his compliance with the restraining order. In reply, respondent denied the material allegations and requested an order requiring appellant to post a bond to insure the children's return after her visitation.

On January 25, 1980 appellant filed a second petition requesting that respondent be held in contempt for moving before the sixty days had run and for disallowing appellant her visitation privileges. She also requested attorney's fees. Respondent denied the material allegations.

The family court dismissed appellant's custody action, ordered her to pay child support and partial attorney's fees, and dismissed appellant's request that respondent be held in con-

tempt. She appeals the portion of the order dealing with child support, attorney's fees, and contempt.

First, appellant contends the court erred by not holding respondent in contempt of its previous order. The order required respondent to give appellant sixty days notice before moving out of state with the children. Respondent wrote appellant that he and the children would be returning to their home state of Oklahoma. Thereafter, appellant verified a petition for an order restraining respondent from leaving the state with the children. Nevertheless, she waited twenty days, until the fifty-fifth day of the sixty day notice period, before serving respondent with the petition. Two days later, on the fifty-seventh day, respondent and the children moved. Subsequently, appellant traveled to Tulsa, Oklahoma and located respondent and the children at the home of respondent's parents. Appellant requested that respondent allow her to take the children for her week of Christmas visitation. Respondent refused unless appellant agreed to post a bond insuring the children's return. Appellant returned to South Carolina without the children. Technically, respondent willfully and voluntarily violated the court's previous order and should have been held in contempt. Therefore, we reverse that portion of the order not holding respondent in contempt. However, S. C. Code Ann. § 20-7-1350 (1976) does not *require* the court to punish for contempt; rather, it *permits* punishment. Under the circumstances, we believe no sanction should be imposed.

Next, appellant contends that the court erred in awarding respondent partial attorney's fees, and in denying her attorney's fees. Generally, the award of attorney's fees is discretionary with the trial judge. Nevertheless, based on our view of the preponderance of the evidence, we conclude that neither party should receive attorney's fees. See, *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). Therefore, each party shall be responsible for his or her own attorney's fees.

Finally, appellant alleges the court erred in requiring her to pay $105.00 monthly child support for her three children. During the previous court proceedings, respondent had not requested child support because prior to the amendment of S. C. Code Ann. § 20-7-40, South Carolina did

not recognize a mother's obligation to support her children. Therefore, respondent did not have to show a change of circumstances as appellant would have him do. Nevertheless, respondent must show a need for child support before a court may award it. In *Graham v. Graham*, 253 S. C. 486, 171 S. E. (2d) 704 (1970), we held that child support awards should be based on considerations such as incomes, expenses, assets, health and physical conditions, and earning capacities of the parents. In this case respondent offered no evidence to substantiate his need for child support. Therefore, we reverse the child support award.

Accordingly, we reverse the portion of the order dealing with child support, attorney's fees, and contempt. We conclude respondent should not receive a sanction for contempt.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.