0091

Mattie Janie Humphrey BREWINGTON, a/k/a Janie Harris Brewington, by her Attorney in Fact, Betty Lou Tapp, Respondent, v. Luther BREWINGTON, Appellant.

(313 S. E. (2d) 53)

Court of Appeals

*Charles C. Moore* and *George H. Wood*, both of *Moore, Stoddard, Stoddard & Wood,* Spartanburg, *for appellant.*

*James W. Shaw,* of *Lawrence & Shaw,* Spartanburg, *for respondent.*

Heard Dec. 14, 1983.

Decided Feb. 21, 1984.

GOOLSBY, Judge:

By her attorney in fact, Betty Lou Tapp, Mattie Janie Humphrey Brewington, also known as Janie Harris Brewington, initiated this action against her husband, Luther Brewington, for a legal separation, separate maintenance and support, an equitable distribution of property, unpaid sup-

port, and attorney's fees. The trial court granted the wife a legal separation, ordered the husband to convey his one-half undivided interest in the marital home to the wife, and awarded the wife $500 in attorney's fees. The husband appeals.

The issues presented on appeal are: (1) whether a spouse may bring an action for a legal separation, an equitable distribution of marital property, and separate maintenance and support by an attorney in fact; (2) whether the evidence was sufficient to determine an equitable distribution of the marital property; (3) whether the trial court erred in admitting testimony of criminal convictions and arrests not resulting in convictions; and (4) whether the trial court erred in awarding attorney's fees. We affirm the trial court on all issues except the issue involving an equitable distribution of the marital property. We remand it.

The Brewingtons were married on June 12, 1948. At the time of their marriage, the husband possessed few assets; however, the wife owned several pieces of property. The wife sold some of her property in order to purchase the marital home. Title to the marital home was jointly held. The parties separated in 1964, and the wife became the sole occupant of the home. She alone maintained the property.

In November 1979, the wife gave Tapp a durable power of attorney which was duly executed and recorded. The power of attorney, among other things, authorized Tapp to assert any claim relating to the wife or to her property. It specifically empowered Tapp to appear on the wife's behalf "in any proceeding at law or in equity . . . for the enforcement of . . . any such claim[s]. . . ." After executing this document, the wife's health began to fail. She was committed to Crafts Farrow State Hospital in January 1981, following the institution of this action on December 30, 1980.

We note from the record that both the husband and wife are elderly and are dependent on Social Security for their support.

The husband does not challenge the document which gives Tapp a durable power of attorney, and he concedes that the power of attorney incorporated the proper statutory language for it to survive any incompetency suffered by the principal. See S. C. Code Ann. § 32-13-10 (Cum. Supp. 1983). He also does

not challenge the right of a spouse to bring an action by an agent to collect unpaid support.

Rather, the husband argues that an action for a legal separation, an equitable distribution of marital assets, and separate maintenance and support cannot be brought by an attorney in fact in the name of the principal. His argument is primarily based upon an analogy to divorce law. A divorce action, he says, cannot be prosecuted by a guardian or next friend in the name of an insane spouse, and he cites for that proposition 24 Am. Jur. (2d) *Divorce and Separation* § 265 at 357 (1983) and 27A C. J. S. *Divorce* § 89 at 311 (1959). Furthermore, he argues South Carolina follows the general rule that the right to seek a divorce is strictly personal to the party aggrieved. *See Louthian & Merritt, P.A. v. Davis*, 272 S. C. 330, 251 S. E. (2d) 757 (1979) (wife's death prior to entry of final divorce decree abated action and deprived court of subject matter jurisdiction); *Stone v. Guaranty Bank & Trust Co.*, 270 S. C. 331, 242 S. E. (2d) 404 (1978) (husband's death abated his counterclaim for divorce and rendered moot contempt proceedings against him). Thus, he maintains, an action for a legal separation and related equitable relief, being clearly personal in nature, cannot be prosecuted by an agent.

If a defendant wishes to question the plaintiff's right to bring an action, the defendant's remedy is either to demur to the petition where it shows on its face the capacity in which the plaintiff brings the action [S. C. Code Ann. § 15-13-320 (1976)] or to allege the lack of legal capacity as a defense in the answer where the plaintiff's capacity to sue does not appear on the face of the petition. *Id.* § 15-13-350. A failure to raise an objection to a plaintiff's capacity to sue in either a demurrer or an answer will constitute a waiver of that objection. *Id.* § 15-13-370; *see also Dalton v. Town Council of Mt. Pleasant*, 241 S. C. 546, 129 S. E. (2d) 523 (1963); *Bramlett v. Young*, 229 S. C. 519, 93 S. E. (2d) 873 (1956). Here, the husband neither demurred to the petition nor asserted the plaintiff's lack of capacity in his answer. Because he failed to do so, he waived his objection to the action being maintained by the wife's agent.

Apparently, however, his contention is that the plaintiff lacks standing to maintain the instant action and that this court, therefore, does not have subject matter jurisdiction. An objection that a court is without jurisdiction

to entertain an action can be made without notice at any stage of the proceedings either at trial or in the Court of Appeals. *See Williamson v. Richards*, 158 S. C. 534, 155 S. E. 890 (1930); *see also* S. C. Code Ann. § 15-13-370 (1976). Assuming that the objection raised by the husband involves "standing to sue" and not "capacity to sue," and we do not perceive that it does so, we hold that an agent possessed of a valid and durable power of attorney may institute in the name of a principal an action for a legal separation and related equitable relief. *See Kaplan v. Kaplan*, 256 N. Y. 366, 176 N. E. 426 (1931); *Moore v. Moore*, 205 Ga. 355, 53 S. E. (2d) 343 (1949).

We deem inappropriate the analogy which the husband draws to an action for divorce. An action for a legal separation is distinguishable from an action for divorce in that a legal separation does not terminate the marriage relation but merely suspends it and modifies marital duties and obligations. *See* 27A C. J. S. *Divorce* § 1 at 17 (1959). That portion of the trial court's order which states that it had jurisdiction over the parties and the subject matter of the action is, therefore, affirmed.

The husband next contends that the evidence before the court was insufficient to determine the parties' equitable interest in the marital property and to divide it accordingly. The trial court ordered him to transfer his interest in the marital home to his wife.

The findings of the trial court on this issue were: (1) that the wife brought several rental houses and lots into the marriage, some of which were sold in order to purchase the marital home; (2) that title to the property was jointly held; (3) that the husband owned no real property and only minimal assets at the time of the marriage; (4) that the wife had exclusive use and possession of the home since the parties separated in 1964; and (5) that from 1964 she was solely responsible for the maintenance and upkeep of the house and for the payment of property taxes and insurance. Based on these facts, the court determined the wife was entitled to the husband's one-half interest in the home.

In equitably dividing marital assets, the trial court must identify the marital property and also determine its fair market value. *Reid v. Reid*, 312, S. E. (2d) 724 (S. C. App. 1984). In addition, the court must determine

whether the parties made material contributions to the acquisition of property and it must identify the proportionate contribution of each party. *Smith v. Smith,* 312 S. E. (2d) 560 (S. C. App. 1984); *see* Chastain, Henry & Woodside, *Determination of Property Rights Upon Divorce in South Carolina: An Exploration and Recommendation,* 33 S. C. L. Rev. 227 (1981) and cases cited therein. Here, the trial court's order failed to address all these factors. Specifically, the trial court neglected to determine the fair market value of the marital property, omitted to determine whether the husband had contributed materially to the acquisition of property, and failed to identify the proportionate contributions made by *each* spouse. We note that the husband testified at trial that he made the mortgage payments on the marital home and contributed toward its down payment. Because the record is insufficient to permit review by us, we therefore remand the equitable distribution issue for the trial court to set forth the salient facts found by it to support its award of the marital home to the wife. *See Atkinson v. Atkinson,* S. C., 309 S. E. (2d) 14 (S. C. App. 1983).

The third issue raised by the husband has been expressly abandoned by him; therefore, we do not consider it.

Finally, the husband challenges the propriety of the court's award of attorney's fees. He concedes that the amount of the fees is proper if the wife is indeed entitled to them.

A great deal of discretion is accorded the trial court in awarding attorney's fees and an order granting attorney's fees will not be disturbed absent an abuse of discretion. *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1974). No abuse of discretion has been shown here, especially when consideration is given to the fact that the wife prevailed at trial on the issue of separation. *See Stone v. Guaranty Bank & Trust Co., supra.* The award of attorney's fees, then, is affirmed.

Accordingly, the trial court's order is

Affirmed in part and remanded in part.

SHAW and CURETON, JJ., concur.