0459

Stanley Robert McELRATH, Respondent, v.
Virginia Anne WALKER, Appellant.

(330 S. E. (2d) 313)

Court of Appeals

*James D. Jefferies,* Greenwood, *for appellant.*

*Stephen D. Baggett,* of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for respondent.*

Heard March 26, 1985.

Decided May 6, 1985.

CURETON, Judge:

The father, respondent Stanley McElrath, petitioned the family court for an order requiring the mother, appellant Virginia Walker, to contribute to the support of their two minor children. The court ordered the mother to pay $50 a week and she appeals. We affirm as modified.

The parties were formerly husband and wife. They were divorced in April 1980 and the father was awarded custody of the two minor daughters. Two months previously, the parties had agreed to a property settlement and custody agreement which was incorporated in the divorce decree. Neither the agreement nor the decree addressed the issue of child support.

On November 30, 1982, the family court held a hearing on the father's petition for support. The evidence revealed that the daughters were now five and seventeen years old, respectively. The father had remarried and had a nine year old stepson and a seventeen year old stepdaughter.

The evidence further revealed that the father's family's combined monthly expenses totaled $2,199.67 which included a $350 obligation to the father's credit union for three family cars. The father earned net monthly income of $1,354 and his wife earned average net monthly income of $500. She also received $400 montly support for her two children.

Thus, their combined monthly income totaled $2,287.[1]

The mother had also remarried. She and her husband had combined monthly expenses of $2,002.90 (which included a $400 obligation of the husband) and combined net monthly income of $2,027. The mother, a secretary, earned net income of $827 a month.

The sole question on appeal is whether the family court abused its discretion in ordering the mother to contribute $50 a week to the support of the children.[2]

As antiquated as it now seems, in South Carolina, a mother of children whose father was alive or was capable of supporting them was under no legal obligation to contribute to their support until recently. *Scheibner v. Wonderly*, 279 S. C. 212, 305 S. E. (2d) 232 (1983). The applicable statute, Section 14-21-820 of the South Carolina Code of Laws of 1976, provided in relevant part:

> (a) a *husband* declared to be chargeable with the support of his ... children and, if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means....
>
> (b) when the father of a child is dead, is incapable of supporting his child ... the mother of such child is hereby declared to be chargeable with its support and, if possessed of sufficient means or able to earn such means, may be required to pay for its support a fair and reasonable sum.... (emphasis added).

Effective May 1981, Section 14-21-820 was amended to make both the father and the mother primarily liable for their child's support:

---

[1] In listing the income of the parties' respective spouses we do not imply that family courts are permitted to consider the earnings of the parent's spouse in awarding child support. In this case, both parties listed the expenses of their entire households and made no effort to separate their own expenses from those of their spouses. For this reason, equity requires that we consider the incomes of the spouses.

[2] At the family court's suggestion, the father amended his petition to allege a change of circumstances since execution of the property and custody agreements. The mother contends the evidence fails to show a change of circumstances. Based on the holding in *Scheibner v. Wonderly*, 279 S. C. 212, 305 S. E. (2d) 232 (1983), we hold that it was not incumbent upon the father to prove changed circumstances.

> A husband or wife declared to be chargeable with the support of his or her ... children, if possessed of sufficient means ... may be required to pay for their support....

The statute now imposes equal support duties on both parents absent pleading and proof that circumstances otherwise warrant. *Corley v. Rowe*, 280 S. C. 338, 312 S. E. (2d) 720 (Ct. App. 1984). An equal support duty is not synonymous with an identical support payment, however. It is well established that the determination of the amount of support to be ordered must be made in such a way that reflects fairness for all the parties involved. *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975); *Murdock v. Murdock*, 243 S. C. 218, 133 S. E. (2d) 323 (1963); *Porter v. Porter*, 246 S. C. 332, 143 S. E. (2d) 619 (1965). Fairness requires that the court consider not only the needs of the child but also the abilities of the parents to provide support. *Cudd v. Arline*, 277 S. C. 236, 285 S. E. (2d) 881 (1981); *Thompson v. Brunson*, — S. C. —, 321 S. E. (2d) 622 (Ct. App. 1984).

Accepting as reasonable the expenses listed by the parties on their financial declarations (since the family court did not discount them), we must conclude that the mother lacks the ability to pay $50 a week for child support. Moreover, the father failed to establish the amount of money needed to support the children. We know, however, that the mother has a legal obligation to contribute to the support of her children and that she has the ability to do so. While a remand of this case may be justified for the purpose of establishing the needs of the children, because the record permits adequate review we will undertake to establish the amount of support the mother is to pay. *See Strout v. Strout*, — S. C. —, 327, S. E. (2d) 74 (1985); *Shaluly v. Shaluly*, — S. C. —, 325 S. E. (2d) 66 (1985).

Therefore, the judgment of the family court is modified to provide that, effective the date of this opinion, appellant Virginia Walker pay the sum of thirty-five dollars ($35.00) a week for the support of the two children.[3]

Affirmed as modified.

GARDNER and GOOLSBY, JJ., concur.

---

[3] We make no attempt to address any issues raised by the staleness of the record. The parties have the right to petition for appropriate relief before the family court.