0776

Cynthia Louise Walker JONES, Appellant v. Stephen Gifford JONES, Respondent.

(348 S. E. (2d) 178)

Court of Appeals

*Randall M. Chastain, Harvey L. Golden* and *Ken H. Lester of Law Offices of Harvey L. Golden, P.A.,* Columbia, *for appellant.*

*David H. Wilkins* and *W. Benjamin McClain, Jr.,* Greenville, *for respondent.*

Heard June 16, 1986.

Decided Aug. 18, 1986.

SHAW, Judge:

Appellant-wife, Cynthia Louise Walker Jones, initiated this action against respondent-husband, Stephen Gifford Jones. She sought, among other things, a legal separation, custody of the parties' minor child, support for herself and the child, a property division, and attorney's fees. The husband counterclaimed for a divorce, custody, child support, and a property division. The family court granted the husband a divorce on the grounds of adultery, custody, and child support. The court also denied the wife's request for attorney's fees. The wife appeals the portions of the order concerning custody, child support, and the denial of her request for attorney's fees.[1] We affirm.

The parties were married in August of 1981, and, except for a three month period when the wife vacated the marital home, lived together until April of 1984. At the time of the hearing, in October of 1984, the husband was forty-one years old and the wife was twenty-nine. Their daughter, Krista Noel Jones, was sixteen months old.

The wife argues the family court erred in awarding custody of the parties' child to the father. She claims the evidence in the record supports her argument she is the most fit parent. The wife relies heavily on the tender years doctrine. She argues it was error for the judge not to explicitly consider the doctrine in his order.

The welfare and best interest of the child is the "primary, paramount and controlling consideration of the court in all child custody controversies." *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612, 614 (1978).

The wife's reliance on the tender years doctrine is misplaced. This court has held the doctrine is merely one factor to be considered. *Marshall v. Marshall*, 282 S. C. 534, 320 S. E. (2d) 44 (Ct. App. 1984). In this case the doctrine is irrelevant because we find the mother is not a ". . . competent, fit, and proper person to have custody." *Marshall*, 320 S. E. (2d) at 48.

The record reveals the following facts which reflect on the wife's lifestyle and fitness as a custodial parent. The wife

---

[1] The wife originally appealed the order's division of the marital property. However, the parties reached an agreement on this issue at oral arguments.

admitted to three adulterous affairs during her marrige, one of which preceded her separation from her husband. She admitted to having nude photographs of herself made to fulfill a personal fantasy. The wife used marijuana frequently during the marriage and also used quaaludes and cocaine on numerous occasions. She has been using drugs since she was nineteen. She operated a shop in Greenville for a time in which she sold dresses and drug paraphernalia. The wife also used drugs while her child was in her custody.

In addition, the record reveals the wife has engaged in a settled pattern of inattentiveness to the child. She routinely left the child in the care of others while she went out with friends or a paramour. She even left her child in the care of a twelve year old boy when her child was just four months old. The boy testified he never changed the child's diaper or fed her. The boy, whose father had an affair with the wife, also testified the wife came to his house three or four times a week for six months and she smoked marijuana almost every time she came, including when her child was with her. Finally, he testified the wife brought her child about once a week and he kept the child until his father came home. The wife was at belly dancing classes during this time.

Faced with this and other similar evidence, the trial judge determined the wife's "adulterous conduct and extensive use of drugs during the marriage and her habit of going out frequently at night leaving . . . [the husband] and the minor child at home is not indicative of actions of a parent that would be a steady and stable influence on the minor child." We agree.

The husband is employed and, except for a weight problem which he acknowledges, is in good health. He admitted a past addiction to cocaine. However, he voluntarily entered a drug rehabilitation program and the trial judge found he had not used drugs in over two years at the time of the hearing. The husband will have to travel approximately five days a month on business. However, the travel will not always be overnight and the five days will not be consecutive. The husband's mother will care for the child when the husband is at work or out of town.

Finally, the record shows the husband has been primarily responsible for the child's care since her birth. He often

stayed home and cared for the child while the wife was out socializing with friends. The husband testified he could bathe, clothe, shop for, and play with his daughter. The wife admitted the husband is an excellent father and their daughter is "crazy about him." The trial judge found the husband has the necessary parenting skills and will provide "... the most stable environment and steadying influence for the minor child." We agree.

The wife also argues the trial court erred in ordering her to pay child support. In South Carolina, both the father and mother are primarily liable for their child's support. S. C. Code Ann. § 20-7-40 (1985); *McElrath v. Walker*, 285 S. C. 439, 330 S. E. (2d) 313 (Ct. App. 1985). However, the amount of support required of each parent must be fair. This entails a consideration of not only the child's needs, but also each parent's ability to provide support. *McElrath*, 330 S. E. (2d) 313.

The trial judge ordered the wife to contribute $30.00 per week to the support of her daughter. This amount is hardly excessive. The wife has a monthly income of approximately $430.00. However, this income is derived from working only a few hours each day. The wife testified she only worked part-time while the child was in her custody so she could spend time with her. There is no reason now the wife cannot seek full-time employment. We also agree with the trial judge that some of the wife's listed expenses are inflated. The husband has a monthly income of $1,200.00, but he is heavily in debt. While we find the husband should provide the majority of the child's support because of his superior income, we agree with the trial court $30.00 per week is a reasonable sum for the wife to pay.

Finally, the wife claims the trial judge erred in denying her request for attorney's fees. An award of attorney's fees is discretionary with the trial court. *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984).

The trial judge considered those factors enumerated in *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983). However, given those factors, the wife provided the court with no basis for an award of attorney's fees. She merely showed she had paid her attorney $400.00 and was paying him hourly. She did not show the time spent by her

attorney or the services performed other than the trial. Furthermore, the trial judge found the wife's adultery ultimately caused the marital breakup and the wife failed to prevail on any issue before the court. Thus, we find no abuse of discretion.

Affirmed.

SANDERS, C. J., and BELL, J., conur.