295 S.C. 486 (1988)
369 S.E.2d 146
Brandon E. ARIAIL and Thomas F. Babb, as Guardian ad Litem, Appellants
v.
James W. ARIAIL, Respondent.
1159
Court of Appeals of South Carolina.
Heard April 19, 1988.
Decided May 9, 1988.
Rehearing June 6, 1988.
*487 John R. Ferguson and Thomas F. Babb, Guardian ad Litem, Laurens, for appellants.
Marshall W. Abercrombie, Laurens, for respondent.
Heard April 19, 1988.
Decided May 9, 1988.
On petition for rehearing June 6, 1988.
GOOLSBY, Judge:
This action was brought against James W. Ariail by Brandon E. Ariail and Thomas F. Babb, as guardian ad litem for Patrick Warren Ariail and Rachel Brandon Ariail, the Ariail's minor children. Mrs. Ariail appeals from the order *488 of the family court refusing to grant her a legal separation, custody of the parties' children, child support, and attorney fees. She also seeks to vacate that portion of the family court's order that considered the issue of alimony. Mr. Babb appeals the refusal of the family court to rule on the issue of child custody and support. We affirm in part and vacate in part.
1. The family court committed no error in refusing to grant Mrs. Ariail, who remained in the marital home with her husband and children, a legal separation. A "legal separation" is a limited divorce and is sometimes called a divorce a mensa et thoro. See Fisher v. Harrison, 165 Va. 323, 182 S.E. 543, 104 A.L.R. 102 (1935); 27A C.J.S. Divorce § 2 at 33 (1986). An action for a legal separation, or limited divorce, and an action for separate maintenance are not the same. McChesney v. McChesney, 91 N.J. Super. 523, 221 A. (2d) 557 (1966); see Nocher v. Nocher, 268 S.C. 503, 234 S.E. (2d) 884 (1977); 24 Am. Jur. (2d) Divorce and Separation § 4 at 194 (1983). Unlike an action for separate maintenance or alimony, an action for legal separation cannot be maintained in South Carolina in the absence of constitutional or statutory authority. See Machado v. Machado, 220 S.C. 90, 66 S.E. (2d) 629 (1951); Nocher v. Nocher, supra; but cf. Murray v. Murray, 271 S.C. 62, 244 S.E. (2d) 538 (1978) (wherein the Supreme Court, in holding the husband had not condoned his wife's alleged misconduct by remaining in the marital home, affirmed, as modified, the family court's granting of a legal separation without discussing the question of whether a legal separation could be awarded in the absence of a constitutional or statutory provision).
Section 20-3-140 of the South Carolina Code of Laws, the statute pursuant to which Mrs. Ariail brought this action and which authorizes the award of alimony in actions for legal separation, does not provide statutory authority for a court to grant a limited divorce any more today than it did before its amendment in 1979. See 61 STAT. Act No. 71 § 4B at 121 (1979); Nocher v. Nocher, supra; cf. 1 R. CHASTAIN, THE LAW OF DOMESTIC RELATIONS IN SOUTH CAROLINA at 49 (1986) (the effect of the 1979 amendment "is unclear" and an action for legal separation "really does not exist as a separate entity from separate support and maintenance"). *489 Neither does Section 20-7-420(2), a statute which confers jurisdiction upon the family court to hear and determine actions for legal separation, provide such authority. See Nocher v. Nocher, supra; cf. S.C. Code of Laws § 14-21-1020(1) (1976), amended by 59 STAT. Act No. 690, Art. III § 2 at 1865 (1976) and 61 STAT. Act No. 71 § 4A at 121 (1979), repealed by 62 STAT. Act No. 71 § 3 at 256 (1981) (conferring upon the family court "all the power and authority and jurisdiction by law vested in the circuit courts ... in actions ... [f]or divorce a vinculo matronii and a mensa et thoro.").
As was the case when Nocher was decided, there currently is neither a constitutional provision nor a statute that states the grounds for a limited divorce. Without such a constitutional provision or statute, "the cause of action could not be created." Nocher v. Nocher, 268 S.C. at 510, 234 S.E. (2d) at 887.
2. We find no abuse of discretion in the family court's failure to award custody of the parties' minor children to Mrs. Ariail and to award her child support. The issue of child custody is a matter largely within the discretion of the family court. Adams v. Adams, 262 S.C. 85, 202 S.E. (2d) 639 (1974). Both parents are chargeable with the support of their children and may be required to pay a fair and reasonable sum for their support as may be determined by the family court. S.C. Code of Laws § 20-7-40 (1976); see McElrath v. Walker, 285 S.C. 439, 330 S.E. (2d) 313 (Ct. App. 1985).
Here, both parties, as we noted, remained in the marital home and nothing in the record suggests Mr. Ariail was not providing for the support of the parties' children.
3. We find no abuse of discretion in the family court's failure to award Mrs. Ariail attorney fees. The question of whether to award attorney fees is one addressed to the sound discretion of the trial court. O'Neill v. O'Neill, 293 S.C. 112, 359 S.E. (2d) 68 (Ct. App. 1987). One factor to be considered in awarding attorney fees is the results of the litigation. Mitchell v. Mitchell, 283 S.C. 87, 320 S.E. (2d) 706 (1984); Garris v. McDuffie, 288 S.C. 637, 344 S.E. (2d) 186 (Ct. App. 1986); 27B C.J.S. Divorce § 353 at 172 (1986).
*490 Here, Mrs. Ariail did not prevail on either the issue of legal separation or the issues of child custody and support. Moreover, Mrs. Ariail has not shown she is financially unable to pay expenses necessarily incurred in the prosecution of this suit. See 24 Am. Jur. (2d) Divorce and Separation § 591 at 596 (1983); 27B C.J.S. Divorce § 359 at 179 (1986); cf. Hendrix v. Hendrix, 279 S.C. 415, 308 S.E. (2d) 525 (1983) (an award of attorney fees to a wife held proper in a divorce action where the parties' incomes were disparate, the wife had no ability to pay, and wife obtained some beneficial results).
4. We vacate so much of the family court's order that addresses the issue of alimony or separate maintenance. Cf. Gillespie v. Gillespie, 74 Ariz. 1, 242 P. (2d) 837 (1952) (the terms "alimony" and "separate maintenance" are synonymous). Mrs. Ariail expressly withdrew her request for alimony; therefore the issue was not properly before the family court. Cf. 75 Am. Jur. (2d) Trial § 649 at 608 (1974) (a court is not warranted in submitting to a jury an issue raised by the pleadings but abandoned by the party pleading it).
Accordingly, the judgment is
Affirmed in part and vacated in part.
GARDNER and CURETON, JJ., concur.

ORDER ON PETITION FOR REHEARING
GOOLSBY, Judge:
This matter is before the court upon a petition for rehearing filed by the appellant Brandon E. Ariail. After careful consideration of the petition, we are unable to discover any material fact or principle of law that has been overlooked or disregarded in affirming the judgment below as it related to Mrs. Ariail's requests for legal separation, child custody, and attorney fees. Several of the grounds on which Mrs. Ariail bases her petition, however, warrant particular attention.
1. Mrs. Ariail contends we must treat the action as one for separate maintenance because the parties in the Statement of the Case, as approved by the trial judge, stipulated the action was one "for separate maintenance."
*491 It is true the parties in the Statement of the Case characterized the action as one "for separate maintenance;" however, this court is not bound by the parties' stipulated characterization of the action, especially where the record clearly reflects the action was for a different purpose. See Forbes v. Kingan & Co., 174 S.C. 24, 176 S.E. 880 (1934) (a stipulation of fact made in a transcript of record that is not sustained by the record is not conclusive).
By her amended petition, Mrs. Ariail sought "a legal separation from the [r]espondent," "reasonable alimony," and other relief.
Mrs. Ariail, however, withdrew her request for alimony and therefore any right to be awarded separate maintenance. See 41 Am. Jur. (2d) Husband and Wife § 387 at 324 (1968) (separate maintenance is for the support of a spouse while the marriage relationship continues and the term "alimony" in its broadest sense means "maintenance which a court decrees in favor of a spouse"); CODE OF LAWS OF SOUTH CAROLINA § 20-3-140 (1976) (statute authorizing an award of alimony in separate maintenance action).
We properly treated the action, therefore, as one in which Mrs. Ariail sought a "legal separation, custody of the parties' children, child support, and attorney fees" and not as an action in which she also sought "separate maintenance."
2. Mrs. Ariail also contends "[i]n the usage prevalent in South Carolina the term `legal separation' is not a synonym for divorce a mensa et thoro, but rather `the term is a generic one, without any specific definition, which is rather loosely applied to various situations where the husband and wife are living apart, at least temporarily, under some sanction of contract or law.'" In support of her contention, she cites the concurring opinion of Brewer v. Brewer, 242 S.C. 9, 20, 129 S.E. (2d) 736, 741-42 (1963) (Bussey, J., concurring). The concurring opinion of Mr. Justice Bussey, however, supports the result we reached.
Mr. Justice Bussey explained in his concurring opinion that courts of equity in South Carolina have from the early days ordered separate support and maintenance and, "whenever the issue has been squarely raised, have declared that no court in this state had the power to grant a divorce a mensa et thoro." 242 S.C. at 21, 129 S.E. (2d) at 742. He also pointed out, in a quote from American Jurisprudence, that *492 separate maintenance proceedings are distinguished from a divorce a mensa et thoro. Id.
This is a case where the issue of whether a family court has power to grant a limited divorce, though not raised by the parties, was presented because Mrs. Ariail, who did not live apart from her husband but within the same house with him, expressly asked for a "legal separation."
Clearly, her action was for a limited divorce and not for an absolute divorce. A divorce is either limited or absolute. There is no "in-between divorce." See 24 Am. Jur. (2d) Divorce and Separation § 1 at 191 (1983) ("There are two types of divorce  absolute and limited.").
3. Mrs. Ariail next contends this court in Brewington v. Brewington, 280 S.C. 502, 313 S.E. (2d) 53 (Ct. App. 1984), "stated that the courts of this State have jurisdiction to award a legal separation."
Brewington involved an action for a legal separation, separate support and maintenance, an equitable distribution of marital property, unpaid support, and attorney fees. In that case, we distinguished an action for legal separation from an action for an absolute divorce and we held the family court had subject matter jurisdiction "of the action." 280 S.C. at 506, 313 S.E. (2d) at 55.
Unquestionably, the family court had subject matter jurisdiction "of the action" since the parties in that case, unlike the parties here, had lived apart many years and the wife sought separate support and maintenance from her husband and an equitable division of the parties' marital property. Brewer v. Brewer, 242 S.C. at 21, 129 S.E. (2d) at 742 ("From early days, courts of equity in this state have, in proper cases, ordered separate support and maintenance...." (Bussey, J., concurring)); see 1 R. CHASTAIN, THE LAW OF DOMESTIC RELATIONS IN SOUTH CAROLINA at 51 (1986) (courts of equity in South Carolina have jurisdiction to award alimony in actions between married persons; 41 Am. Jur. (2d) Husband and Wife § 388 at 324-25 (1968) (a court of equity has inherent jurisdiction to entertain an action for alimony, support, maintenance, or separate maintenance independent of any suit for divorce or separation); cf. Brown v. Brown, 295 S.C. 354, 368 S.E. (2d) 475 (Ct. App. 1988) (family court has subject matter jurisdiction *493 to apportion marital property incident to a divorce a vinculo matrimonii, an action for separate support and maintenance, a proceeding to dispose of marital property after a prior decree of dissolution of a marriage by a court which lacked personal jurisdiction over the other spouse or which lacked jurisdiction to dispose of the property, or incident to other marital litigation between the parties).
We did not hold in Brewington, as Mrs. Ariail seems to suggest, that a family court has the power to award a legal separation or limited divorce in the absence of a statute or constitutional provision.
We again affirm, then, the family court's denial of Mrs. Ariail's request for a legal separation, but for a reason different from that given by the family court. See S.C. Sup. Ct. R. 4, § 8 (the court may sustain any ruling, order, or judgment on any ground appearing in the record).
Accordingly, the petition for rehearing is
Denied.
GARDNER and CURETON, JJ., concur.